UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

vs.                                                     Case No.: 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
    Defendants.
_____/

## ORDER

Plaintiff has filed a "Declaration for Entry of Default," which the Court construes as a notice of non-compliance. (Doc. 39). Plaintiff states that on April 11, 2023, the Court directed Defendants' counsel to send him a copy of all documents filed on Defendants' behalf, but as of April 20, 2023, he has not received any documents. (*Id.*).

Defendants' counsel filed a response stating that a copy of all then-filed documents were sent to Plaintiff via FedEx on April 3, 2023, and the documents were received by Union Correctional Institution (Plaintiff's current institution) on April 5, 2023. (Doc. 45). Counsel attached a FedEx proof-of-delivery indicating that "M Stiles" signed for the delivery on April 5, 2023. (*Id.*, Ex. A).

Because Defendants have demonstrated that they complied with the Court's order, Plaintiff is not entitled to any relief that he seeks through his instant filing

1

(Doc. 39). But the filings illustrate a recurring problem with defense counsel's service of filings upon Plaintiff. The certificate of service on the Response (Doc. 45) and the certificates of service on Defendants' Answers (Docs. 42, 43, 44) to the Amended Complaint do not indicate that any of those filings were served upon Plaintiff in compliance with Fed. R. Civ. P. 5(d)(1)(B) and N.D. Fla. Loc. R. 5.1(F). As previously noted, this is a recurring issue.[1] (*See* Doc. 34 at 2). The Court will require Defendants' counsel to serve Plaintiff with the Response and Answers (Docs. 42, 43, 44, 45) and to file a supplemental certificate of service for each document. In the future, if counsel files any document that fails to comply with the requirements of Fed. R. Civ. P. 5(d)(1)(B) and N.D. Fla. Loc. R. 5.1(F), the Court may require counsel to show cause why sanctions should not be imposed.

Accordingly, it is **ORDERED**:

1. The relief requested in Plaintiff's "Declaration for Entry of Default," construed as a notice of non-compliance, (Doc. 39) is **DENIED**.

---

[1] Plaintiff is proceeding *pro se* and does not have access to the Court's electronic filing system. Thus, service cannot be completed by filing a document through the CM/ECF system. Because Plaintiff cannot be served through CM/ECF, a properly completed certificate of service is required by N.D. Fla. Loc. R. 5.1(F)

2. With s**even days** of the date of this order, Defendants' counsel must serve Plaintiff with the Response and Answers (Docs. 42, 43, 44, 45) and file a supplemental certificate of service for each document.

**DONE AND ORDERED** this 9th day of May 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge