UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

vs.                                              Case No.: 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
    Defendants.
                                 /

## ORDER

Plaintiff has filed a motion to compel discovery. (Doc. 61). He states that he served interrogatories and requests for production upon Defendants' counsel on June 30, 2023. (*Id.*). But as of the date he filed the motion to compel (August 28, 2023), Plaintiff has not received any response. (*Id.*). Plaintiff also states that he never received a copy of Defendants' Answers (Docs. 42, 43, 44), even though the Court ordered Defendants to hand deliver them to Plaintiff's institution on or before June 20, 2023 (Doc. 51). (Doc. 61).

Defendants responded in opposition to Plaintiff's motion to compel, stating that they have not received any discovery requests from Plaintiff. (Doc. 62).

The Court cannot resolve the discovery dispute without seeing a copy of Plaintiff's discovery requests. The Court thus will require Plaintiff to file a copy.

This leaves the issue of the unserved Answers. As Plaintiff points out, on

1

June 13, 2023, the Court ordered the following:

> Within **seven days** of the date of this order, Defendants' counsel must hand deliver (via courier or otherwise) Defendants' Answers (Docs. 42, 43, 44) to Plaintiff's institution and notify the Court that this has been done.

(Doc. 51 at 3).

On June 16, 2023, Defendants' counsel filed a Notice of Compliance. Despite the Court's clear directive that counsel must **hand deliver** the Answers to Plaintiff's institution, counsel states that she "complied" with the directive by sending the Answers via **certified mail** on June 15, 2023. (Doc. 52). Counsel attached a certified mail receipt from the U.S. Postal Service with a tracking number of 7006 0810 0004 4991 0221. (*Id.* at 3). The receipt indicates that the mail was sent to Plaintiff at the following address, "25636 FL-16." (*Id.*).

The Court used that tracking number on the U.S. Postal Service's website to determine the status of the certified mail. According to the tracking history, the mail was not delivered due to an insufficient address and was returned to the original sender on June 26, 2023.

To ensure that Plaintiff receives a copy of Defendants' Answers, the Court will direct the Clerk of Court to produce copies and send them to Plaintiff.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to send Plaintiff a copy of each Defendants' Answer (Docs. 42, 43, 44).

2. Within **twenty one days** of the date of this order, Plaintiff must supplement his motion to compel with a copy of the discovery requests that he claims to have previously served upon Defendants.

3. Defendant's counsel shall **show cause, within seven days of the date of this order**, as to why sanctions should not be imposed for an apparent failure to follow the Court's prior order that required hand delivery (Doc. 51) of Docs. 42, 43, and 44. In the show cause response, Defendant's counsel should also explain what steps were taken to serve the documents (Docs. 42, 43, and 44) after receiving notice from the U.S. Postal Service that the documents were undeliverable due to insufficient address information. The Court previously stated that "Defendant's service issues have stymied the progress of this case." (Doc. 51). It appears that continues to be true, which leads the Court to believe perhaps sanctions are necessary.

**DONE AND ORDERED** this 14th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge