UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
 Plaintiff,

vs.             Case No.: 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
 Defendants.
_____/

# **ORDER**

Plaintiff filed a motion to compel discovery on August 28, 2023. (Doc. 61). He stated that he served interrogatories and requests for production upon Defendants' counsel on June 30, 2023, but had not received any response as of the date he filed the motion to compel. (*Id.*).

Defendants responded in opposition, stating that they had not received any discovery requests from Plaintiff. (Doc. 62).

Upon review of Plaintiff's motion, the Court noted that Plaintiff had not filed a copy of the discovery requests, and the Court was unable to resolve the dispute without seeing the requests. (Doc. 63). The Court required Plaintiff to supplement his motion to compel with a copy of the discovery requests. (*Id.*).

1

Plaintiff responded to the Court's order by filing another motion to compel with supporting documentation. (Docs. 66, 67). Plaintiff submitted copies of not only the June 30, 2023 discovery requests but also a request for admissions that he states he served on August 9, 2023 but received no response. (Doc. 67 at 4-14).[1]

Defendants' counsel has not responded to Plaintiff's latest motion to compel, and the response deadline has passed. *See* N.D. Fla. Loc. R. 7.1(E) (setting a 14-day deadline for a party to file a memorandum in opposition to a motion).

Assuming that Defendants' counsel's position is still the same (i.e., that she never received any of Plaintiff's discovery requests), Plaintiff's filing of the discovery requests renders that argument moot as counsel has now received them. Now, that Defendants' counsel has received the discovery requests (by virtue of Plaintiff's filing them on the docket), the Court will require Defendants to respond to those discovery requests.

---

[1] The Court notes that the certificate of service on two of the three discovery requests (Plaintiff's interrogatories and request for admissions) included an incorrect zip code (33407). (Doc. 67 at 12, 14). Plaintiff's request for production included the correct zip code (33487). (*Id.* at 7).

2

Accordingly, it is **ORDERED**:

1. On or before **November 20, 2023**, Defendants must serve responses to Plaintiff's discovery requests (Doc. 67 at 4-14). The responses must be sent to Plaintiff, via the U.S. Postal Service, at his institution: Wendell Currin, #R58567, RMC Main Unit, P.O. Box. 628, Lake Butler, FL 32054.[2]

2. If Plaintiff has not received Defendants' discovery responses by December 4, 2023, then he must submit a filing to notify the Court.

3. Because the Court has directed Defendants to respond to the discovery requests (which Defendants' counsel now has copies of), the motions to compel are moot. Thus, the Clerk of Court is directed to **TERMINATE** Plaintiff's motions to compel. (Docs. 61, 66).

**DONE AND ORDERED** this 19th day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[2] Counsel should note that the FDOC has restrictions on packaging. Its website states: "No packaging other than standard envelopes shall be accepted. The following types of incoming mail packaging will be rejected and returned to the sender unopened: envelopes that have metal parts, boxes, padded envelopes, plastic bags, card stock type envelopes (e.g., U.S. Mail Priority or U.S. Mail Express cardboard envelopes) . . . ."