UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

v.                                            Case No.  3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
    Defendants.
_____/

# ORDER

Plaintiff, a prisoner proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. 32). Discovery-related matters appear to be resolved. The dispositive motions deadline expired and neither party filed one. (*See* Doc. 17). It appears this matter is now ready for trial. This order sets forth the procedures and requirements for the submission of the parties' pretrial documents.

    1.     On or before **February 8, 2024**, Plaintiff must file (and serve on Defendants' counsel) the following three documents:

    **A.**     **Plaintiff's Statement of Facts**: A written statement of the facts that will be presented on Plaintiff's behalf at trial through testimony, documentary evidence, or other evidence.

1

B.  **Plaintiff's Exhibit List**: A list of all exhibits Plaintiff will offer for admission into evidence at trial. Plaintiff's exhibit list shall assign a number to each of Plaintiff's proposed exhibits and state what each exhibit is. **If Plaintiff does not intend to introduce exhibits at trial, he may file a notice to that effect instead of filing an exhibit list.**

C.  **Plaintiff's Witness List**: A list that includes each and every witness Plaintiff intends to have testify at trial. This witness list must include:

1. the name of each witness;

2. an indication of whether the witness is an inmate;[1]

3. the address of each witness;

4. a short summary of the expected testimony of each witness; and

---

[1] Plaintiff must indicate which witnesses, if any, are inmates. The Court may, on Plaintiff's request and the exercise of its discretion, issue writs of *habeas corpus ad testificandum* to procure the presence of inmate witnesses at trial. The Court has no authority, however, to allocate funds to pay un-incarcerated witnesses whose attendance at trial is procured by subpoena. Accordingly, the Court will not issue subpoenas for such witnesses unless Plaintiff first demonstrates his ability to pay the witnesses' travel expenses (including the current mileage rate plus the daily witness fee of $40.00 for each witness). *See* 28 U.S.C. § 1821.

     5.    an estimate of the amount of time each witness will testify.

Plaintiff must serve upon counsel for Defendants Plaintiff's Statement of Facts, Plaintiff's Exhibit List, and Plaintiff's Witness List, and Plaintiff must include in the original document filed with the Clerk of Court a certificate stating the date that a true and correct copy was served upon Defendants' counsel.

2.    **Thirty days** after Plaintiff files with this Court the documents listed above, Defendants must file (and serve on Plaintiff) the following three documents:

    A.    **Defendants' Statement of Facts**:  A written statement of the facts that will be presented on Defendants' behalf at trial through testimony, documentary evidence, or other evidence.

    B.    **Defendants' Exhibits List**:  A list of all exhibits that Defendants will seek to admit at trial. Defendants' exhibit list shall assign a number to each of Defendants' proposed exhibits and state what each exhibit is.  **If Defendants do not intend to introduce exhibits at trial, they may file a notice to that effect instead of filing an exhibit list.**

    **C.**    **Defendants' Witness List**: A list that includes each and every witness that Defendants intend to have testify at trial. This witness list shall include:

1. the name of each witness;
2. the address of each witness;
3. a short summary of the expected testimony of each witness; and
4. an estimate of the amount of time each witness will testify.

    3.    **If any party's pretrial narrative statement fails to fully disclose the substance of the evidence to be offered at trial, the failure to disclose may result in exclusion of that evidence at trial.** The only exceptions will be (a) matters which the Court determines were not reasonably discoverable at the time of the pretrial statement; (b) privileged matters; and (c) matters to be used solely for impeachment of a witness.

    4.    The parties also are reminded that, although they have an absolute right to trial by jury, they may choose to have this case heard by a judge serving as the trier of fact. A trial in which the judge serves as

the trier of fact likely will result in a speedier and less-expensive resolution of this case. If the parties wish to waive their right to a jury trial, they must communicate their waivers to the Court on or before **February 8, 2024**.

    5.    In accordance with 28 U.S.C. § 636(c)(2), the Clerk of Court is directed to send Plaintiff a form for consenting to trial by a U.S. Magistrate Judge,[2] with this case number written on the form. Plaintiff is not required to consent, but **if** Plaintiff wishes to consent, he should sign the form and forward it to counsel for Defendants. If Defendants consent, counsel should sign and return it to the Clerk of Court **only if** all parties have consented. Consenting to the jurisdiction of a U.S. Magistrate Judge is not required, but it may result in a speedier resolution of this case. Consenting to the jurisdiction of a U.S. Magistrate

---

[2] Because a *pro se* litigant is involved in this case who may not understand the U.S. Magistrate Judge position, what follows is a short summary. U.S. Magistrate Judges are judicial officers of the U.S. District Court who handle a variety of judicial proceedings. The U.S. Magistrate Judge selection process is a merit process, which requires vetting by a merit selection panel comprised of lawyers and community members. The panel recommends several individuals to the U.S. District Judges, and the U.S. District Judges then make the final selection. U.S. Magistrate Judges serve renewable eight-year terms. More information about U.S. Magistrate Judges can be found at https://www.fjc.gov/node/7501.

Judge does not alter the rights of any parties to a jury trial because a U.S. Magistrate Judge may preside over a jury trial.

**SO ORDERED** this 8th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge