**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

WENDELL CURRIN,

    Plaintiff,

vs.                                                     Case No. 3:22-cv-20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,

    Defendants.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RELIEF**
**FROM TECHNICAL ADMISSIONS AND TO DEEM REQUESTS FOR**
**ADMISSIONS AS TIMELY FILED**

Plaintiff Wendell Currin, through counsel, responds to the Defendants'

Requests for relief from technical admission and to deem admissions timely.

1. Defendants have a pattern throughout this lawsuit of failing to timely respond

to Plaintiff's pleadings and discovery requests and ignoring the Court's orders.

2. On March 29,2023, Mr. Currin, then *pro se*, filed a Declaration for Entry of

Default, noting he had not timely received Defendants' Answer.  [ECF. No. 28].[1]

3. On March 31, 2024, Defendants responded noting "[t]he Answers to the

Complaint were inadvertently not mailed to the Plaintiff." [ECF No. 29].

4. On April 11, 2023, Mr. Currin filed his First Amended Complaint, [ECF No.

32], and Defendants were ordered to send Mr. Currin, within seven days, a copy of

all documents that had been filed on their behalf, [ECF No. 34 (emphasis added)].

5. On April 11, 2023, Mr. Currin also filed a notice stating he still had not heard

---

[1] Dates for Plaintiff's filings herein will refer to the date the filing was docketed in the Electronic Case Filing system, unless otherwise stated.

anything from the Defendants and had no address for opposing counsel and was thus uncertain how to proceed with discovery. [ECF No. 33].

6.   On April 12, 2023, Defendants propounded their own interrogatories on Mr. Currin *electronically* filing the interrogatories and notice, without alleging service by mail to Mr. Currin, who as a prisoner lacks access to electronic filing. [ECF No. 36].[2]

7.   On April 13, 2023, the Court advised Defendants against filing discovery requests and notices pursuant to Fed. R. Civ. Pro. 5(d). [ECF No. 37].

8.   On April 24, Mr. Currin filed a Declaration for Entry of Default, noting he still had not received any documents. [ECF No. 39].

9.   On May 8, 2023, Defendants filed their response to his declaration noting that on April 3 they had FedExed the original Answer and all documents by then filed, and that the prison facility received the FedEx April 5. [ECF No. 45]. The Court would later advise Defendants that Florida Department of Corrections ("FDOC"), on the basis of security,  restricts prisoners from receiving "card stock type envelopes (e.g., U.S. Mail Priority or U.S. Mail Express cardboard envelopes)." [ECF No. 69].

10.  On May 30, 2023, Mr. Currin filed a notice of non-compliance, noting he still had received nothing from the Defendants. [ECF No. 49]. This was likely due to the FedEx packaging being inconsistent with FDOC regulations against "card stock type envelopes." [See ECF No. 69] and Defendants' ignoring FDOC regulations.

---

[2] Undersigned counsel received Defendants' discovery requests by e-mail March 15, 2024, and his responses served on Defendants with verification of Interrogatory responses coming by mail.

11.  On June 13, 2023, the Court ordered: "Defendants counsel must hand deliver (via courier or otherwise)" Answers to the Plaintiff's institution and that "[g]oing forward, the Court will require counsel to serve all documents upon Plaintiff via hand delivery or the United States Postal Service." [ECF No. 51] (emphasis added).

12.  Notwithstanding the Court's order, on June 16, 2023, the Defendants filed a notice of compliance, stating that they "sent via certified mail" (not hand delivery) all Answers on June 15, 2023. [ECF No. 52 (emphasis added)].[3]

13.  On June 30, 2023, Mr. Currin sent interrogatories and requests for production to Defense counsel. [ECF No. 88 Plaintiff's Motion to Compel Discovery]. On August 9, 2023, he sent Defense counsel his request for admissions. Id.

14.  On September 5, 2023, Mr. Currin filed his first motion to compel discovery noting he had received neither discovery responses nor an Answer. [ECF No. 61].

15.  On September 13, 2023, Defendants responded that they had not received any discovery requests from the Plaintiff. [ECF No. 62].

16.  On September 14, 2023, the Court ordered Mr. Currin within 21 days to "supplement his motion to compel with a copy of the discovery requests" and ordered the Defendants to show cause within seven days "as to why sanctions should not be imposed for an apparent failure to follow the Court's prior order that required hand delivery." [ECF No. 63].

17.  On September 19, 2023, Defendants' counsel inexplicably responded, "The

---

[3] The Court specifically instructed Defendants to serve the *Answers* by hand delivery (via courier or otherwise) but could serve further filings by U.S. Postal Service.

undersigned is unsure how to further comply with the Court order to hand deliver pleadings to the Plaintiff if Certified Mail is Insufficient." [ECF No. 64]. In its June 13, 2023, order, the Court made a clear distinction between "hand delivery" of the Answers and other deliveries going forward. [ECF No. 51].

18. On October 3, 2023, Mr. Currin filed a declaration in support of his motion to compel discovery and attached his request for production, first set of interrogatories, and a request for admissions. [ECF No. 67].

19. On October 6, 2023, Mr. Currin filed a second motion to compel discovery, [ECF No. 66], and notice of non-compliance, [ECF No. 68].

20. On October 19, 2023, the Court terminated the motions to compel (Docs 61, 66) and noted that "the certificate of service on two of the three discovery requests (Plaintiff's interrogatories and request for admissions) included an incorrect zip code (33407). (Doc. 67 at 12, 14). Plaintiff's request for production included the correct zip code (33487). (Id. at 7)." [ECF No. 69].

21. However, the Court also noted, "Defendants' counsel has not responded to Plaintiff's latest motion to compel, and the response deadline has passed. See N.D. Fla. Loc. R. 7.1(E) (setting a 14-day deadline for a party to file a memorandum in opposition to a motion)." Id. at 2.

22. The Court then ordered the Defendants to serve responses to Mr. Currin's discovery requests on or before November 20, 2023. Id. at 3. (The Court noted FDOC's mailing restrictions regarding cardboard envelopes. Id. at 3.) The Court also ordered, "If Plaintiff has not received Defendants' discovery responses by December

4

4, 2023, then he must submit a filing to notify the Court." Id. at 3.]

23.  On December 14, 2023, Mr. Currin filed a notice that he still had not received discovery responses as of December 4, 2023.

24.  On December 18, 2023, the Court mandated Defendants expedite a response. The Court advised that Defense counsel "should have familiarized herself with the FDOC's very strict guidelines for sending documents to prisoners." [ECF No. 74]. The Court advised her "to consult FDOC resources to determine whether service of the discovery disclosures was made in accordance with those requirements" and stated that "[i]f they were not, then counsel must re-serve the documents." Id.

25.  On December 28, 2023, Defense counsel filed a response stating her assistant "inadvertently missed the [Plaintiff's] Declaration in Support of Motion to Compel and failed to save it into the file. As such the undersigned was unaware the Plaintiff uploaded his discovery requests into Pacer." [ECF No. 75 at ¶ 4]. Defense counsel said she completed the response to discovery and was waiting to receive verification from her clients and sent unverified responses that day. Id. at ¶ 8, 9.

26.  On February 9, 2024, Defendants noticed compliance, stating they sent a verified response to interrogatories January 16, 2024 by regular mail. [ECF No. 87].

27.  On February 20, 2024, Mr. Currin filed a third motion to compel, stating as of February 13, 2024, he received no responses from the Defendants. [ECF No. 88].

28.  On March 7, 2024, undersigned counsel appeared for Mr. Currin. [ECF Nos. 89, 90]. On March 8, 2024, Defense counsel emailed undersigned counsel verified interrogatory responses, responses to Plaintiff's requests for admissions and request

for production (without a service date), and 78 pages of records.

29. On March 18, 2024, Plaintiff's counsel emailed Defense counsel a discovery deficiency letter pursuant to Fed. R. Civ. Pro. 37(a)(1) in reply to Defendants' objections and met and conferred the same day with Defense counsel.

30. On March 20, 2024, Defense counsel emailed undersigned counsel 30 more pages of responsive documents as well as an unverified amended response to Plaintiff's first set of interrogatories, still without a service date.

31. Defendants persist in interposing objections to Plaintiff's months-old discovery requests despite the fact that the objections are waived as untimely under the Rules. Now Defendants also seek relief from technical admissions pursuant to the Rules.

## MEMORANDUM OF LAW

All parties must adhere to the discovery rules, which prescribe specific modes of compliance and deadlines, together with deadlines and procedures set forth in Court Orders. See *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed.R.Civ.P. 33(b)(2) (Answers and objections to interrogatories are waived if not made within thirty days of service of the interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (Responses to requests for production are due within thirty days of the request).[4] If a party fails to respond to discovery requests or appear at his or her own deposition, a district court may, on motion, order sanctions. Fed.R.Civ.P. 37(d)(1). *Blake v.*

[4] "Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Mann v. Island Resorts Development, Inc.*, No. 3:08cv297/RS/EMT, at *4 (N.D. Fla. Feb. 27, 2009)

6

*Medcom*, Case No: 8:16-cv-279-T-33JSS, at *2 (M.D. Fla. Oct. 24, 2016).

Where, as here, Defendants are repeatedly uncooperative with the discovery process, despite notice of consequences, relief from discovery rules and orders is clearly inappropriate. In such circumstances, severe sanctions, including entry of a default judgment may be appropriate. A default judgment is a harsh sanction, which calls for trial of the matter only on the damages, there are lesser sanctions including orders striking deficient responses, orders to comply with discovery, and expenses, including attorney's fees where attorneys are involved.[5] Plaintiff plans to move, once again for such sanctions by separate motion.

Mr. Currin mailed his first set of Interrogatories ("ROG") and Request for Production ("RFP") to Defense counsel with an incorrect zip code, on June 30, 2023. However, his Requests for Admissions ("RFA"), mailed August 9, 2023, included a correct zip code. Mr. Currin filed a first motion to compel, which Defendants responded to, saying they had not received any requests. However, Defendants did not timely respond to Mr. Currin's second motion to compel discovery. [ECF No. 69 at 2]. By failing to respond, they waived their objections to, at a minimum, the requests for admissions.

Moreover, Mr. Currin filed all his discovery requests (ROG, RFP and RFA) on Oct. 3, 2023. [ECF No. 67]. At this point, with the requests uploaded to the ECF

---

[5] This case has proceeded *pro se* since its inception, however, after attorneys appeared, Defendants persisted in making waived objections and forced counsel to make and respond to discovery motions, including the response to the instant motion.

docket, there was no excuse for Defendants' failing to respond. Yet they did, blaming their failure on Defense counsel's assistant's failure to upload the requests, as well as a deficient office policy. [ECF No. 75 at ¶ 4]. Had this been the Defendants' only oversight in this case, the inadvertency might be excusable. But this oversight is but one of many, including failure to mail items to Mr. Currin pursuant to FDOC guidelines, [ECF Nos. 45, 69, 74], failure to heed the Court's order to hand deliver their Answers to Mr. Currin, [ECF No. 51], "inadvertently" failing to mail their Answer to Mr. Currin, [ECF No. 29], and so on.

WHEREFORE, based on this record of casual unconcern for the Rules and the Court Orders, there does not appear to be good cause to grant the Defendants Motion for relief from technical admissions or to deem them timely filed. The operation of the rules should be upheld and Defendants Motion for Relief DENIED.

Respectfully Submitted,   */s/ James V. Cook*
JAMES V. COOK (FBN 0966843)
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

*Attorney for Plaintiff*

I CERTIFY the foregoing was filed electronically on 3/27/2024, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

*/s/ James V. Cook*