UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

vs.                                           Case No.: 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
    Defendants.
_____/

## **ORDER**

Defendants have filed a motion to extend the dispositive motions deadline. (Doc. 97). Plaintiff opposes the motion. The Court held a hearing on the motion on March 27, 2024.

Defendants have acknowledged that the Court previously extended the dispositive motions deadline multiple times, with the latest deadline expiring many months ago on October 5, 2023. (Docs. 34, 51). Defendants have not offered any reason for extending the deadline again, other than the fact that the Court recently re-opened discovery for a

1

period of sixty days to permit Plaintiff's newly appearing counsel to investigate the case, gather evidence, and prepare for trial.[1]

The Court may, for good cause, extend a deadline if a request is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). If a request is made after the original deadline has expired, then the party must not only show good cause for extending the deadline, but also must show that the failure to act sooner was caused by excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *see also In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2021 WL 6327368, at *1 (N.D. Fla. Aug. 19, 2021) (explaining that a party seeking to extend an already-expired deadline must show that it failed to seek the extension in a timely manner "because of excusable neglect," which is "more rigorous than the good cause standard") (cleaned up); *Mouzin Brothers Farms, LLC v. Dowdy*, No. 7:20-CV-197 (TQL), 2022 WL 10208214, at *2 (M.D. Ga. Oct. 17, 2022) (stating that when a party files a motion to reopen and extend a deadline after the original deadline has expired, the party must show

---

[1] Plaintiff's counsel has indicated he has no intention of filing a dispositive motion.

both good cause and excusable neglect to establish the basis for reopening the deadline).

Defendants have not provided—either in their motion or when questioned by the Court—any explanation as to why they waited until months after the dispositive motions' deadline had expired to seek an extension of that deadline. In the absence of any reason for waiting so long to seek an extension, the Court cannot find that Defendants have satisfied their burden of showing that there is good cause to extend the deadline and that their failure to act sooner was due to excusable neglect.

Accordingly, Defendants' motion to extend the dispositive motions deadline (Doc. 97) is **DENIED**.

**SO ORDERED** this 28th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge