UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

vs.                                  Case No.: 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
    Defendants.
_____/

## ORDER

Defendants have filed a Motion For Relief From Technical Admissions and To Deem Responses To Requests For Admissions As Timely Filed. (Doc. 98).[1] Plaintiff opposes the motion. (Doc. 101). The Court held a hearing on March 27, 2024. For the reasons discussed below, Defendants' motion will be granted.

---

[1] Defendants' motion failed to comply with the Local Rules because it was not accompanied by a memorandum of law in support. See N.D. Fla. Loc. R. 7.1(E). Although the motion could be denied on that basis, the Court will exercise its discretion to consider the merits of the motion. See N.D. Fla. Loc. R. 7.1(H).

1

## I.  Background

Plaintiff is a Florida prisoner who was proceeding *pro se* in this civil rights case until very recently. His amended complaint alleges that Defendants violated his Eighth Amendment rights on February 21, 2022, by using excessive force and then denying him medical treatment for resulting physical injuries. (Doc. 32).

During discovery, Plaintiff has filed two motions to compel asserting that he had not received responses to his discovery requests, including a request for admissions (RFA). (Docs. 61, 66, 67). The Court ordered Defendants to serve responses to Plaintiff's discovery requests, including his RFA, on or before November 20, 2023. (Doc. 69). After that deadline passed, Plaintiff notified the Court that he had not received any discovery responses. (Doc. 73). Defendants' counsel responded that she mailed *unverified* responses to Plaintiff on December 28, 2023 (over one month past the deadline). (Doc. 75).

On January 17, 2024, Plaintiff notified the Court that he still had not received Defendants' discovery responses. (Doc. 80). The Court directed Defendants' counsel to file a status report, and counsel

responded that she served *verified* responses to *interrogatories* on January 16, 2024. (Doc. 87). Counsel made no mention of responses to Plaintiff's other discovery requests, including his RFA.

Plaintiff filed another motion to compel. (Doc. 88). Shortly thereafter, counsel appeared on Plaintiff's behalf. (Docs. 89, 90). Lo and behold, the next day (on March 8, 2024) Defendants' counsel served *verified* responses to *all* of Plaintiff's discovery requests. (*see* Doc. 101 at 5-6).

Two weeks later, Defendants' counsel apparently realized the potential consequences of failing to timely respond to Plaintiff's RFA. So, on March 25, 2024, Defendants' counsel filed the instant motion seeking relief from the "technical" admissions that occurred by operation of Rule 36(a)(3). That rule provides that a party's failure to timely respond to a request for admission operates as an admission. (Doc. 98).

## II.  Discussion

The starting point for the analysis of Defendants' motion is Rule 36. Under Rule 36, a party may serve on any other party a written request to admit the truth of any matters relating to the facts, the application of

3

law to fact, opinions about either, or the genuineness of any described documents.  Fed. R. Civ. P. 36(a).  The rule further provides that a request for admission is deemed admitted by the party upon whom the request has been served unless an objection or answer to the request is filed within thirty days after service of the request for admission.  Once a matter has been admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission" under Rule 36(b).  Rule 36(b) provides that the Court may permit withdrawal or amendment of a deemed admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

The Eleventh Circuit applies a two-part test to decide whether to grant a motion to withdraw or amend admissions under Rule 36(b).  *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (cleaned up).  "First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether

the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id.*

The first part of the test is satisfied if the matters deemed admitted would conclusively establish defendants' liability, thus subserving resolution of the case on the merits. *Id.* at 1265-68; *see also Strickland v. Allen*, 216 F.R.D. 531, 532 (N.D. Fla. June 23, 2003) (finding the first part of the test satisfied where the ascertainment of the truth and the development of the merits of the case would be enhanced by allowing the withdrawal of admissions); *Tremmel v. I.C. Sys., Inc.*, No. 1:10cv17/SPM/GRJ, 2010 WL 4292056, at *3 (N.D. Fla. Oct. 19, 2010) (finding that first part of the test was satisfied where allowing the withdrawal of admissions would promote resolution of the case on the merits).

The prejudice contemplated by the second part of the test is not simply that the party who obtained the admissions would now have to convince the factfinder of its truth, "[r]ather it relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect

5

to the questions previously answered by the admissions." *Perez*, 297 F.3d at 1266 (quoting *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988)).

Courts have found prejudice where the withdrawal of admissions is effectively an attempt to change the party's litigation position. *See Mut. Serv. Inc. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004) (affirming district court's denial of plaintiff's motion to withdraw admissions where plaintiff was trying to change its litigation position, and defendant would be prejudice by the withdrawal). On the other hand, courts have found no prejudice where the withdrawal occurred well before the trial date and allowed the other party sufficient time to gather evidence. *See In re Fancher*, 802 F. App'x 538, 544 (11th Cir. 2020); *see also Tremmel*, 2010 WL 4292056, at *3.

Applying the Eleventh Circuit's two-part test here shows that Defendants should be relieved of their deemed admissions and allowed to assert untimely responses to the RFAs. With respect to the first part, Defendants argue that they have legitimate defenses to Plaintiff's claims. (Doc. 98 at 2). At the hearing on this issue, Defendants additionally

argued that if Plaintiff's RFAs are deemed admitted, then Defendants essentially would be denied the opportunity to contest liability for the alleged Eighth Amendment violations. Plaintiff has responded by arguing that although the deemed admissions would prevent Defendants from challenging certain significant facts, the admissions would not completely prevent Defendants from contesting liability.

Having considered Plaintiff's claims (Doc. 32), the defenses asserted in Defendants' Answers (Docs. 42, 43, 44), and the matters that would be deemed admitted if Defendants were not granted relief from the operation of Rule 36(a)(3) (*see* Docs. 67 at 13-14), the Court concludes that relieving Defendants of their deemed admissions and allowing them to assert late responses would promote resolution of the case on the merits.

As for the second prong, Plaintiff has not shown that he would suffer prejudice from relieving Defendants of their deemed admissions and allowing their late responses to the RFA. Plaintiff knew early in the case, by virtue of Defendants' Answers, that Defendants contested his claims of excessive force and denial of medical treatment. Shortly after counsel appeared for Plaintiff, Defendants served their untimely

responses to Plaintiff's RFA. Defendants also served pre-trial materials that clearly notified Plaintiff's counsel of their theory of defense and the evidence they intended to rely on in presenting that defense. (Doc. 94). Additionally, this case has yet to be set for trial and the Court recently granted Plaintiff's request for an extension of the discovery period. *See In re Fancher*, 802 F. App'x at 544 (finding no prejudice from withdrawal of admissions where the withdrawal "occurred well before the trial date and allowed [the party] sufficient time to gather evidence and thus did not prejudice [the party]"). Thus, relieving Defendants of their deemed admissions and allowing them to assert the untimely responses would not prejudice Plaintiff's ability to gather evidence and prove his case.

## III. Conclusion

For the reasons above, it is **ORDERED** that Defendants' Motion For Relief From Technical Admissions and To Deem Responses To Requests For Admissions As Timely Filed (Doc. 98) is **GRANTED**. Defendants are relieved of their deemed admissions and their untimely responses to Plaintiff's RFA shall be accepted.

**SO ORDERED** this 28th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge