**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

WENDELL CURRIN,

      Plaintiff,

vs.                             Case No. 3:22-cv-20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,

      Defendants.

**PLAINTIFF'S OPPOSED MOTION FOR AN ORDER**
**GOVERNING DISCOVERY IN A PRISONER CASE**

Plaintiff WENDELL CURRIN, moves this Honorable Court for an Order Governing Discovery in a Prisoner Case (Exhibit 1), and would show as follows:

Plaintiff moves this Court for entry of the attached Governing Discovery on a Prisoner Case (Exhibit 1) relating to documents normally restricted by the Florida Department of Corrections (FDC), and would show:

Plaintiff has complained of physical abuse by corrections officers.

To bear his burden of proof and seek a fair disposition on the merits, Plaintiff has need of certain records which FDC has sometimes sought to withhold or substantively redact, including video and audio recordings, photographs, communications, incident and investigative reports, inmate discipline records, inmate movement records, floor plans, policy and training records, duty rosters, control room and dormitory logs, housing records, post orders, employment records, including applications, evaluations, and employee discipline files.

FDC is not a Party. On March 20, 2024, Plaintiff served a Fed.R.Civ.P. 45 subpoena on FDC for records for which it is custodian. (Exhibit 2).

FDC seeks to base the withholding and substantive redaction of records on the same basis as Florida state law limitations on production under public records laws, including Chapter 119 and 945, and its own security procedures. FDC is also seeking to shift costs to Plaintiff for the production of records under a Fed.R.Civ.P. 45 subpoena but have not filed a motion for protective order or showing undue cost or burden for purposes of shifting costs. Defendants have objected to the production of certain records but have not yet sought a protective order.[1] Plaintiff is concerned for the resolution of these controversies within the time available for discovery.

In order to facilitate the production of discovery materials in prisoner cases, a special order is needed to govern the maintenance, handling, and use of records that would normally be exempt from disclosure under state law, but which contain or could lead to evidence material to claims or defenses in this federal case.

FDC and the Parties are all concerned to protect the integrity of sensitive information. The proposed order directs handling of certain categories of information to ensure they are not made public except by agreement or Court Order but that records can be secured and exchanged without substantive redactions or denials.[2]

---

[1] At this point, objections conveyed do not meet the requirement of Fed.R.Civ.P. 45(e)(2)(A)(ii), requiring claimants to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

[2] Plaintiff does not object to the FDC practice of redacting officer home addresses and phones and names of family members, dates of birth (except for birth year) and Social Security Numbers (except for last four digits) as required prior to filing under Fed.R.Civ.P. 5.2(a). FDC also normally redacts

## MEMORANDUM OF LAW

Objections to non-party subpoenas are covered by Fed.R.Civ.P. 45(d)(2):

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed.R.Civ.P. 45(d)(2) requires that an objection be made to the subpoena and the claim of privilege must be stated within 14 days of service of the subpoena. Fed. R. Civ. P. 45(c)(2)(B). Not only must a party timely object under Rule 45(c)(2)(B), but where privilege or protection is maintained, must follow Rule 45(e)(2)(A)(ii) requiring claimants to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."

The Advisory Committee Notes to the 1991 revisions to the rule indicate that the authority to issue protective orders under Fed.R.Civ.P. 45 was intended to track the general protective order provisions of Fed. R. Civ. P. 26(c).

---

officer i.d. numbers and designations for software that it considers a trade secret. Although this practice tends to delay production, Plaintiff will not challenge the practice at this point.

The burden is on FDC to seek protection of records sought in discovery under Fed.R.Civ.P. 45. However, the practice has been to simply withhold the records and force Plaintiff to move to compel them or produce them heavily redacted. In order to prevent unnecessary delay, Plaintiff will seek this Court's Order Governing Discovery to lay down guidelines for production of usable discovery in this case.

**A. Protection of Records Must Be Justified by a Showing of "Good Cause"**

Fed.R.Civ.P. 26(c) provides that a court may "for good cause" issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." However, annoyance, embarrassment, oppression, or undue burden or expense is not shown lightly. 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035, at 264--65 (1970)) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). See *United States v. Garrett*, 571 F.2d 1323, 1326 (5th Cir. 1978).

In the past, FDC has typically raised objections to providing video and audio recordings and photographs taken within the prison gates, floor plans, staff photos for identification by witnesses, control room and dormitory logs and daily records of special housing, post orders (job descriptions) and policy records it holds as "restricted," and daily security rosters (a list of job assignments on particular days in the past). These unadorned descriptions fail to follow Rule 45(e)(2)(A)(ii) requiring claimants to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." They are also not obviously

4

linked to any particular Florida statute[3] or constitutional provision.

In any case, FDC is not entitled to the enforcement by a federal court of state confidentiality laws or public records exemptions. Evidentiary and discovery issues and privilege claims in federal question cases are clearly governed by federal law. Fed.R.Evid. 501. *Adkins v. Christie*, 488 F.3d 1324, 1328 (11th Cir. 2007); *Agster v. Maricopa County*, 422 F.3d 836 (9th Cir. 2005).

Rule 501, Federal Rules of Evidence, provides as follows:

The common law – as interpreted by United States courts in the light of reason and experience – governs a claim of privilege unless any of the following provides otherwise:

• the United States Constitution;

• a federal statute; or

• rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

Rule 501, Federal Rules of Evidence. The 1974 Advisory Committee Notes to Rule 501 state that "The committee agrees with the main thrust of the House amendment: that a federally developed common law based on modern reason and experience shall apply except where the State nature of the issues renders deference to State privilege law the wiser course, as in the usual diversity case." The notes warn that "a close reading reveals that State privilege law is not to be applied unless the matter to be

---

[3] FDC has cited § 945.10, Fla.Stat. as the source of state law confidentiality. § 945.10(e) exempts "information which if released would jeopardize a person's safety." This has been interpreted broadly by the Department as a "catch-all" provision.

proved is an element of that state claim or defense, as distinguished from a step along the way in the proof of it." The Advisory Committee continued:

> The formulation adopted by the House is pregnant with litigious mischief. The committee has, therefore, adopted what we believe will be a clearer and more practical guideline for determining when courts should respect State rules of privilege. Basically, it provides that in criminal and Federal question civil cases, federally evolved rules on privilege should apply since it is Federal policy which is being enforced. [It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case.]

1974 Advisory Committee Notes to Rule 501.

"[T]he federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the witness-testimony is relevant to a pendent state law count which may be controlled by a contrary state law of privilege." *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir.1992). Thus, even where a plaintiff alleges violations of state law in addition to violations of federal law, federal courts look to federal law to determine the applicable privileges. This rule is driven by a respect for the precedents of other circuits, as well as the pragmatic concern that "it would be impractical to apply two different rules of privilege to the same evidence ..." *Id*. Although § 1983 law borrows from state law in wrongful death cases, that does not make the rule of decision a matter of state law. As the Advisory Committee noted:

> When a federal court chooses to absorb state law, it is applying the state law as a matter of federal common law. Thus, state law does not supply the rule of decision (even though the federal court may apply a rule derived from state decisions), and state privilege law would not apply. See C.A. Wright, Federal Courts 251-252 (2d ed. 1970); *Holmberg v. Armbrecht*, 327 U.S. 392 (1946); *DeSylva v. Ballentine*, 351 U.S. 570, 581 (1956); 9 Wright & Miller, Federal

Rules and Procedure § 2408.

1974 Advisory Committee Notes to Rule 501.

## B. Even Where Comity Is Appropriate, Florida Law Favors Openness

While Federal Courts may as a matter of comity consider state law, federal law controls and state law will not apply if inconsistent with the purposes of federal law. *Agster, supra*. Federal civil rights cases apply federal law to federal question cases even with pendent state counts. *Adkins v. Christie*, 488 F.3d 1324, 1329 (11th Cir. 2007). But even Florida law does not condone the withholding of public records under doubtful premises. The Florida Constitution, Article I, Declaration of Rights, § 24, states:

> Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution. This section specifically includes the legislative, executive, and judicial branches of government and each agency or department created thereunder; counties, municipalities, and districts; and each constitutional officer, board, and commission, or entity created pursuant to law or this Constitution.

Art. I, § 24, Florida Constitution.

The drafters of the 1992 Amendment to the Florida Constitution foresaw that public entities would push back and provided that public records exemptions could only be passed into law by a two-thirds vote. Art. I, § 24(c), Florida Constitution. Florida courts have made clear that the right of Floridians to records of state agencies should be read as broadly as possible. *See Board of Public Instruction v. Doran*, 224 So. 2d 693 (Fla. 1969); *Seminole County v. Wood*, 512 So. 2d 1000, 1002 (Fla. 5th Dist. Ct. App. 1987), *review denied*, 520 So. 2d 586 (Fla. 1988); *see also Lorei v. Smith*, 464 So. 2d

1330 (Fla. 2d Dist. Ct. App. 1985), *review denied*, 475 So. 2d 695 (Fla. 1985)

(suggesting that public policy favoring open records should be given its broadest

possible expression); *Blackford v. School Bd.*, 375 So. 2d 578 (Fla. 5th Dist. Ct. App.

1979) (stating that the Sunshine Law should be construed to frustrate all evasive

devices). And as the old Fifth Circuit held in *American Civil Liberties Union of*

*Mississippi v. Finch*, 638 F.2d 1336 (5th Cir., March 13, 1981):

> The purpose of enacting s 1983 was to ensure an independent federal forum for
> adjudication of alleged constitutional violations by state officials and as we noted
> in *Carr*, there is a "special danger" in permitting state governments to define the
> scope of their own privilege when the misconduct of their agents is alleged.

*Id*. at 1344 (citing *Carr v. Monroe Mfg. Co.*, 431 F.2d 384, 389 (5th Cir. 1970)

## C. Plaintiff's Proposed Order Governing Discovery Satisfies Protection Needs

Notwithstanding the substantial "good cause" burden on the proponent of

protection, Plaintiff would, for the sake of minimizing unnecessary litigation, move

for an order governing discovery which, though it would create presumptive

protection for certain categories of records FDC deems sensitive or restricted, as long

as the protected status is subject to challenge on "good cause" record-by-record so

that records containing material evidence can be produced in a public trial.

Under the proposed order, the following categories of records would be

afforded special protection, subject to further court review, if necessary:

a. Video recordings and photos taken within an FDC prison to the extent that
such recordings and photos show prison security infrastructure;

b. Prison staff photographs (for identification by witnesses);

c. Control room and dormitory logs and daily records of special housing;

8

    d.  Post orders and policy records designated as "restricted" by FDC;

    e.  Daily security rosters (i.e., past corrections work assignments).

These categories would create an initial presumption for protection from which Parties may, if warranted, seek to add categories, or challenge the protection of any particular record for a showing of "good cause" under Fed.R.Civ.P. 26(c).

Plaintiff's proposed order has provisions, for the purposes of facilitating exchange of responsive records without denial or substantive redaction of information that may be material to a claim or defense or lead to admissible evidence, to limit dissemination of protected records to the following "Qualified Persons":

    a.  Parties and their counsel, staff, and technical service providers;

    b.  Expert witnesses and expert consultants for the Parties;

    c.  Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

    d.  The Court and court personnel;

    e.  Other persons only on order of the Court

The proposed order provides that protected records filed with the Court be appropriately redacted or submitted to the Court with a motion to seal. Plaintiff recognizes that the discretion to seal lies entirely with the Court.

Plaintiff's proposed order provides that protected records may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Order at the end of Exhibit 1 to this Motion, agreeing to be subject to its terms.

Plaintiff's proposed order provides that protected records when filed pursuant

to a sealing order, shall be submitted to the Court in sealed envelopes or sealed

containers on which shall be written:

      a. the caption of this case;

      b. the name of the party filing the materials and an indication of the nature of the contents; and

      c. a statement substantially in the following form: [DISCLOSING PARTY'S NAME] CONFIDENTIAL

         This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

      Under Plaintiff's proposed order, if any Party objects to the designation of any

discovery material as "Protected," the objecting party shall so notify the producing

party in writing and if a dispute arises about the need for protection of any materials

or a Party's duty to produce materials under this Order, the Parties must confer in

good faith to resolve the dispute prior to seeking Court action.

      Under Plaintiff's proposed order, producing or receiving materials or otherwise

complying with the terms of this Order shall not:

      a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

      b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

      c. Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

    d.  Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

    Under Plaintiff's proposed order, within thirty (30) days of conclusion of this litigation including appeals, all discovery materials deemed protected under this Order that were produced by the parties and all copies thereof shall be returned to the producing party or destroyed and that all discovery materials deemed protected under this Order which are electronically stored in any manner by any Party or the Party's agent be deleted.

    WHEREFORE, Plaintiff moves this Honorable Court to enter Plaintiff's Order Governing Discovery in Prisoner Cases, attached hereto as Exhibit 1.

Respectfully submitted,    */s/ James V. Cook, Esquire*
Florida Bar No.: 966843
Law Office of James V. Cook
314 West Jefferson Street
Post Office Box 10021
Tallahassee, Florida 32301
Telephone: (850) 222-8080
Email: cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

I CERTIFY that I have conferred with opposing counsel and counsel for the Florida Department of Corrections, and they do oppose the relief sought.

I CERTIFY the foregoing was filed electronically on 4/9/24 and that counsel of record are registered to be notified by the CM/ECF electronic mail system and to counsel for FDC at Christine.Wolfe@fdc.myflorida.com.

*/s/ James V. Cook*