UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,

    Plaintiff,

vs.

TIMOTHY BEAVERS, et al.,

    Defendants.

Case No. 3:22-cv-20350/MCR/ZCB

**ORDER GOVERNING
DISCOVERY IN A PRISONER CASE**

THIS CAUSE having come before the Court on the Plaintiff's Motion for an Order Governing Discovery in a Prisoner Case, and the Court being advised in the premises, without need of hearing, the Court finds as follows:

In order to facilitate the production of discovery materials without undue controversy and delay over security concerns relating to potentially material evidence, an Order may be needed to govern the maintenance, handling, and use, of records that are responsive but normally exempt from disclosure as public records under Chapter 119, Florida Statutes, § 945.10, Florida Statutes, and other state laws as well as certain designated FDC security procedures and rules.

The Court recognizes a need to balance the security concerns of the Florida Department of Corrections (FDC) with the Parties' need for evidence to bear the burden of proof of claims or defenses that may include records that would have been exempt from public disclosure under state law. Plaintiff contends Federal Courts are not required to and rarely should undertake to enforce state confidentiality laws in

1

the course of federal civil rights litigation. FDC asks the Court to give weight to some FDC confidentiality concerns under principles of comity. It is therefore,

**ORDERED AND ADJUDGED:**

The following categories of records will be presumptively afforded special protection as confidential, subject to further court review, if necessary:

a. Video recordings and photos taken within an FDC prison to the extent that such recordings and photos show prison security infrastructure;

b. Prison staff photographs (for identification by witnesses);

c. Control room and dormitory logs and daily records of special housing;

d. Post orders and policy records designated as "restricted" by FDC;

e. Daily security rosters (i.e., past corrections work assignments).

The above-listed records are protected from public dissemination subject to further order of the Court. Such designation does not reflect a judicial ruling or stipulation by any Party to a legal basis for protection. Parties may move for protection of additional records, or may challenge the protection of any record, for a showing of "good cause" under Fed.R.Civ.P. 26(c).

The above-listed records are to be produced unredacted with these exceptions:

a. Officer i.d. numbers;

b. Proprietary software designations;

c. Corrections staff home addresses, phones, and family member identifiers;

d. Redaction as required under Fed.R.Civ.P. 5.2.

This Order does not apply to records already in the public domain. Protected

Health Information (PHI) under HIPAA regulations may be further protected by a separate HIPAA-Qualified Protective Order, if any.

The following definitions shall apply to this Confidentiality Order:

a. "Parties" shall mean and refer to the Plaintiff and each Defendant.

b. "Qualified person(s)" shall mean and refer to:

   i. Parties and their counsel, staff, and technical service providers;

   ii. Expert witnesses and expert consultants for the Parties;

   iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

   iv. The Court and court personnel;

   v. Other persons only on order of the Court

Protected discovery materials as provided in this Order, if filed, shall be redacted or submitted to the Court with a motion to seal.

Protected discovery materials as provided in this Order shall be disclosed only to Qualified Persons and used only for this litigation.

Protected discovery materials as provided in this Order may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Order (Exhibit A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

Protected discovery materials as provided in this Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers

on which shall be written:

    a. the caption of this case;

    b. the name of the party filing the materials and an indication of the nature of the contents; and

    c. a statement substantially in the following form: [DISCLOSING PARTY'S NAME] CONFIDENTIAL

    This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

When protected discovery materials as provided in this Order are expected to be presented in any pretrial proceeding, counsel for any Party may apply to the Court, on a showing of good cause, to limit persons permitted to be present to only Qualified persons. Application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial. Records that are to be offered as exhibits at trial will be treated as ordered by the Court.

If any Party objects to the designation of any discovery material as "Protected," the objecting party shall so notify the producing party in writing. If a dispute arises about the need for protection of any materials or a Party's duty to produce materials under this Order, the Parties will confer in good faith to resolve the dispute prior to seeking Court action.

Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. Operate as an admission by any party that any particular discovery material

contains or reflects any confidential matter; or

b. Prejudice the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

c. Prejudice the rights of a party to seek a court determination whether particular discovery material should be produced; or

d. Prejudice the rights of a party to apply to the court for a further protective order relating to any confidential information.

Within thirty (30) days of conclusion of this litigation including appeals, all discovery materials deemed protected under this Order that were produced by the parties and all copies thereof shall be returned to the producing party or destroyed. All discovery materials deemed protected under this Order which are electronically stored in any manner by any Party or the Party's agent shall be deleted.

Persons who become parties to this litigation are subject to this Order.

DONE and ORDERED in Chambers on _____.

_____
United States District Judge

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

WENDELL CURRIN,

    Plaintiff,

vs.

TIMOTHY BEAVERS, et al.,

    Defendants.

Case No. 3:22-cv-20350/MCR/ZCB

## EXHIBIT A: ACKNOWLEDGEMENT

THE UNDERSIGNED has been engaged as a consultant and/or expert in the above referenced action and hereby acknowledges that he/she has read the Order on Protected Records rendered in this case, understands the terms thereof, and agrees to be bound by such terms.

The records and information deemed as protected, by the Court, are being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to its terms.

Dated: _____

_____
SIGNATURE

_____
PRINTED NAME

6