UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,

    Plaintiff,

vs.

TIMOTHY BEAVERS, et al.,

    Defendants.

Case No. 3:22-cv-20350/MCR/ZCB

**PLAINTIFF'S OPPOSED MOTION FOR
HIPAA-QUALIFIED PROTECTIVE ORDER**

Plaintiff WENDELL CURRIN, moves this Honorable Court for its HIPAA-Qualified Protective Order (HQPO) (Exhibit 1), and would show as follows:

A HIPAA-Qualified Protective Order is often helpful in allowing parties in prison cases to exchange material evidence that may include, or be intermingled with, Protected Health Information (PHI). It can continue to keep such information secure simply by the fact that it is held close by the parties, used only for the litigation, and destroyed afterward. Exhibits offered at trial may be protected, if necessary, as further ordered by the Court. Here, Plaintiff can release his own Protected Health Information (PHI) but the defendant officers also allege that they suffered injuries. The proposed HQPO would allow the Parties to freely exchange evidence relating to injuries – whether to prisoners or officers – without redaction.[1]

---

[1] See Exhibit 2, a report in another case redacted to obscure PHI that will illustrate how heavily records are redacted by the Florida Department of Corrections (FDC) to obscure information relating to injuries, care, names of witnesses, and references to evidence. Sometimes whole paragraphs are blacked out. The most frequent explanation for redaction is to delete PHI under HIPAA. Id. at 1.

1

## MEMORANDUM OF LAW

The Health Insurance Portability and Accountability Act of 1996 (HIPAA), provides for the promulgation of privacy regulations (the HIPAA Privacy Rule). The definition of PHI is broad: "Protected health information means individually identifiable health information" transmitted or maintained in electronic media or in any other form or medium, with limited exceptions relating to employment or education and as to persons deceased more than 50 years. 45 CFR § 160.103.

The regulations that govern disclosure of PHI admit access to facilitate medical research and law enforcement needs and provide that a covered entity may also disclose PHI in the course of any judicial or administrative proceeding (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 CFR 164.512(e). Courts in the Northern District have employed such a protective order in the past to make material evidence available to parties.

Under 45 CFR 160.103, Definitions, a *covered entity* means:

(1) A health plan.
(2) A health care clearinghouse.
(3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.

The Florida Department of Corrections is part of what the U.S. Department of Health and Human Services calls a "hybrid entity," an entity that has both covered and non-covered functions. In any case, FDC acts as health care records custodian.

In the absence of an HQPO, the information deemed Protected Health

2

Information (PHI) is heavily redacted by FDC as protected health information. (See Exhibit 2). Much of the information redacted is potentially evidence material to claims or defenses – a description of an actionable injury, evidence of excessive force, evidence of a failure to protect, an unconscionable delay in emergency treatment, or a failure to treat, claims of injuries associated with the matter sued upon, or it is information that could lead to the identification of potential witnesses or evidence.

### A. Protective Order Standard

The Court may issue a protective order "for good cause." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause", it generally calls for "a sound basis or legitimate need to take judicial action". *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (*per curiam*). A party seeking such an order has a burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for such an order. *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A decision to enter a protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court has broad discretion to use protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357. Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). In the Eleventh Circuit, district courts are required to balance interests.

*Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

### B. A Protective Order May Fully Protect Records Produced to Plaintiffs

A HIPAA-Qualified Protective Order allows the Court to dispense with arguments based on the application of HIPAA Privacy Rules, cut the Gordian Knot and issue a Protective Order that allows plaintiff's counsel to access records already held by defendants, records most likely to contain or lead to material evidence (under rules that ensure its continued confidentiality).[2] Some examples are:

1. Health records of prison officials in excessive force cases when they claim they were injured by the Plaintiff and used force in self-defense;
2. Health records of other prisoners in inmate-on-inmate assault cases when they claim they were injured by the Plaintiff and used force in self-defense;
3. Injuries and threats of injuries to other prisoners by the same prison officials relevant to claims of excessive force or failure to protect under FRE 404.
4. Injuries and care as to other prisoners by the same prison officials relevant to claims of failure to treat or interference with treatment under FRE 404.
5. Mental health records where prison officials place a vulnerable prisoner in a cell with a mentally ill or predatory inmate as punishment.[3]
6. Evidence of prison customs or practices, training or supervision, where those issues are relevant to some claim or defense.

Such common scenarios can justify a Protective Order in which PHI remains unredacted (but still under privacy protections) as potential material evidence of excessive force, failure to protect, or failure to treat, among other issues.

---

[2] The proposed Order is based on the claims and defenses in this case.

[3] This scenario may raise the question why a plaintiff cannot simply argue for mental health records. The need may not be obvious on the face of the evidence that there is a mental health issue if every reference to mental health issues has been redacted.

## C. What Parties Need to Litigate Effectively and Why They Need It

Historically, FDC redactions based on HIPAA rules have often hidden material evidence of misconduct of the kind alleged in this case. Efforts to withhold PHI may also keep material evidence out of the hands of plaintiffs with legitimate claims. The argument to heavily redact PHI has much less force where, as in this case, a plaintiff is required to keep such information confidential as it is assessed for evidentiary value or tendency to lead to evidence admissible in some form.

Under appropriate guidelines set by the Court, information held by the Plaintiff may be held in as complete confidentiality as information held by the Defendants or FDC. An order can also require a party receiving the records to redact them before filing, remove identifiers, or submit them for filing under seal, to prevent the disclosure of PHI. Use can be limited to a particular case and parties required to destroy all PHI at the conclusion. PHI secured by means other than under an order, such as through a release, would not be affected by the order. Parties must also redact records when filed as required in Fed.R.Civ.P. 5.2(a).

Plaintiff acknowledges that some information that may be subject to discovery may not be admissible at trial. However, the scope of discovery is broad and often information that may be inadmissible at trial, should nonetheless be provided in discovery so that admissible evidence may be found or abstracted. Even PHI that may be inadmissible with patient identifiers may be important to show injuries, the seriousness of injuries, the need for treatment, or the failure to provide treatment, while, as the need arises, the identifiers may be replaced with codes or the critical

information presented in summary form without identifiers.

Plaintiff stresses that many of the records sought are maintained by corrections staff, not medical staff, and that references to physical injury, medical staff, facilities, and care, are made only to permit a clear picture of events of concern in investigation and incident reports, disciplinary reports, grievances, and reports of security operations on uses of force or inmate assaults. The records are accessible without a medical release to prison non-medical staff such as shift supervisors, officers in charge, security administrators, and other corrections staff.

Plaintiff requests an order that references to physical injuries, medical conditions or to medical staff, facilities, or care, found in corrections incident and investigation reports that would otherwise be discoverable, <u>not be redacted as PHI</u> so that parties will be able to understand the underlying physical events, including the nature and seriousness of physical and medical conditions, and the appropriateness of responses, such as force or discipline based on the actual circumstances.

WHEREFORE, Plaintiff requests that this Honorable Court GRANT Plaintiff's Motion for a HIPAA-Qualified Protective Order.

Respectfully Submitted,   <u>s/ James V. Cook</u>
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

I CERTIFY that I have conferred with opposing counsel and counsel for the Florida Department of Corrections and they do both oppose the relief sought.

I CERTIFY the foregoing was filed electronically on 4/8/24 and that counsel of record are registered to be notified by the CM/ECF electronic mail system and to counsel for FDC at Christine.Wolfe@fdc.myflorida.com.

*/s/James V. Cook*