UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WENDELL CURRIN,**
    **Plaintiff,**

vs.

                                                    **CASE NO.: 3:22cv20350/MCR/ZCB**

**TIMOTHY BEAVERS, et al.,**

    **Defendants.**
_____/

### RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER GOVERNING DISCOVERY IN A PRISONER CASE AND MOTION FOR CONFIDENTIALITY ORDER WITH INCORPORATED PROPOSED ORDER

COMES NOW Non-Party FDC, by and through undersigned counsel, and hereby submits its Response to Plaintiff's Opposed Motion for an Order Governing Discovery, filed April 9, 2024, urging the Court to deny Plaintiff's Motion and enter the Confidentiality Agreement proposed by FDC as pertains to sensitive security information. Non-Party FDC does not object to the entry of Plaintiff's Qualified HIPAA Protective Order. In support of the same Non-Party FDC states as follows:

    1.    Contrary to Plaintiff's assertions, FDC does not seek to unduly withhold or redact the records requested pursuant to the March 20, 2024 subpoena, rather, FDC seeks the entry of a Protective Order that adequately protects the grave security concerns inherent in material sought.

    2.    As is illustrated on page 1 of Exhibit A, Plaintiff's counsel was informed by the undersigned on April 4, 2024, that the basis for objecting to plaintiff's proposed confidentiality agreement was that FDC desired to use its "typical protective orders."

1

3. FDC is further not seeking to shift costs to Plaintiff. Plaintiff informed FDC that he was being sent invoices and the undersigned informed him that the matter was being investigated. *Id*. The undersigned has since learned that any invoices were erroneously sent and that Plaintiff is not currently subject to any charges for production connect with the pertinent subpoena.

4. FDC has not objected to the subpoena, nor given Plaintiff's counsel any indication but that the requested records were being diligently sought and would be produced once the necessary protective orders were in place. *See id*. at 1; 3.

5. FDC objects to the entry of Plaintiff's proposed protective order is it fails to adequately protect the security interests at stake, contrary to the allegations in Plaintiff's Motion at paragraph C. Specifically, Plaintiff's proposed order would allow the Plaintiff, an inmate currently incarcerated with the FDC to obtain access to the sensitive material, thereby thwarting entirely the purposes of seeking the order in the first place. *See* Plaintiff's proposed order at p. 3 (Stating "'Qualified person(s)'" shall mean and refer to: i. Parties.").

In order to adequately protect the safety of the public, FDC personnel, and inmates, FDC and Defendants move the Court for a confidentiality order which includes, in substance, the following:

1. This Order governs the handling, maintenance, storage, and use, of discovery materials that would be exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including section 119.071, Florida Statutes, section 945.10, Florida Statutes, and other state laws as well as certain Florida Department of Corrections security procedures and rules.

2

2. FDC has security concerns in certain of its records and wishes to ensure that these records are not introduced into the public domain.

3. Plaintiff has discovery needs relating to the Plaintiff's burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records laws.

4. Plaintiff maintains that federal courts are not required to and should rarely undertake to enforce state confidentiality laws as part of the discovery process in federal civil rights litigation.

5. FDC wishes the Court to give weight to some Florida public records laws under principles of comity.

6. In recognition of the need for a balancing of interests, Plaintiff hereby agrees to treat the following kinds of discovery materials as confidential, subject to court review:

    (a) Any video recordings taken within an FDC prison;

    (b) Audio recordings;

    (c) Photographs;

    (d) Inspector General/investigative reports/documents;

    (e) Duty Rosters;

    (f) Housing logs;

    (g) Confidential and Exempt or restricted policies/procedures/training materials.

7. Plaintiff may also designate records as confidential. Although the above-listed records are characterized as confidential under this Order, such designation is purely the product of the parties' stipulation does not reflect a judicial ruling or stipulation by any

Party concerning whether such records are protected by state or federal law. Plaintiff may challenge the protection as "confidential" of any particular record for a showing of "good cause" pursuant to Fed.R.Civ.P. 26 and the Department reserves the right to file appropriate motions to protect the confidential nature of the documents.

8. FDC, however, maintains these records are, in fact, protected by state and federal law.

9. This Order does not alter the requirements under court rules for redaction of information from documents filed with the court.

10. This Order does not apply to records already in the public domain.

11. The following definitions shall apply to this Confidentiality Order:

    a. "Parties" shall mean and refer to the Plaintiff and each Defendant in the above captioned case.

    b. "Qualified person(s)" shall mean and refer to:

        i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

        ii. Expert witnesses and expert consultants for the Parties;

        iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

        iv. The Court and court personnel;

        v. Other persons only on order of the Court

12. Confidential discovery materials as set out in this Order, if filed, shall be redacted or submitted to the Court with a motion to seal.

13. Confidential discovery materials as set out in this Order shall be disclosed only to Qualified Persons and used only for this litigation.

14. Confidential discovery materials as set out in this Order may be shown to expert

witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

15. Confidential discovery materials as set out in this Order, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

    a. the caption of this case;

    b. the name of the party filing the materials and an indication of the nature of the contents; and

    c. a statement substantially in the following form:

       [DISCLOSING PARTY'S NAME] CONFIDENTIAL

       This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

16. When confidential discovery materials as set out in this Order are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory to this Order may apply to the Court to limit persons permitted to be present to only Qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

17. If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Order, the Plaintiff shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

18. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

    a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

    c. Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

    d. Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

19. Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Order that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this Order which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

20. Counsel for the Plaintiff shall not disclose the confidential materials to a Plaintiff who is a state prisoner, with the exception that the Plaintiff shall review the video relating to the incident and pictures of the Plaintiff.

21. The obligation to maintain confidentiality pursuant to this Order shall continue after the

conclusion of this case.

                                                    Respectfully Submitted,

                                                    /s/ Christine L. Wolfe
                                                    CHRISTINE L. WOLFE
                                                    Senior Attorney
                                                    Florida Bar Number: 127465
                                                    Florida Department of Corrections
                                                    501 South Calhoun St.
                                                    Tallahassee, Florida 32399
                                                    Telephone:  (850) 717-3609
                                                    Facsimile:  (850) 410-3073
                                                    Email: CourtFilings@fdc.myflorida.com
                                                    Email: Christine.Wolfe@fdc.myflorida.com

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WENDELL CURRIN,**
    **Plaintiff,**

**vs.**

                                                   **CASE NO.: 3:22cv20350/MCR/ZCB**

**TIMOTHY BEAVERS, et al.,**

    **Defendants.**
_____/

### Exhibit A

### ADDENDUM TO CONFIDENTIALITY AGREEMENT

    The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Agreement executed in this cause, understands the terms thereof, and agrees to be bound by such terms.

    The material or information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.

Date:_____, 20___.


_____        _____
NAME                                                          SIGNATURE

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing Response has been furnished via EFS this 19th day of April, 2024, to the following:

Counsel for all Parties

/s/ Christine L. Wolfe
CHRISTINE L. WOLFE