UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,

    Plaintiff,

v.

TIMOTHY BEAVERS, ET AL.,

    Defendants.

Case No. 3:22-CV-20350-MCR-ZCB

## JOINT MOTION TO EXTEND DISCOVERY DEADLINE

The Parties have conferred and pursuant to Fed.R.Civ.P. 16(b)(4) and Local Rule 6.1 hereby jointly file this motion to extend the case deadline for discovery, including depositions, and state the following in support thereof:

    1.    On March 8, 2024, Plaintiff, through his newly retained counsel, filed an unopposed motion to extend the time to complete discovery for sixty days (Doc. 93). The Court granted the motion, extending the discovery period through May 7, 2024 (Doc. 95).

    2.    On March 20, Plaintiff served a subpoena duces tecum on The Florida Department of Corrections ("FDOC") for among other items, all fixed wing and camcorder video in this matter. Plaintiff, while *pro se*, had

repeatedly sought the video through a request for production (*see* Doc. 67) and related motions to compel and appeals to the Court (e.g., Docs. 61, 66, 67, 73, 88).

3. In response to the subpoena, FDOC counsel Christine Wolfe and Plaintiff's counsel, through a series of emails, attempted to finalize a protective order regarding the requested items, and on April 25, 2024, counsel for the Parties, Ms. Wolfe, and her FDOC co-counsel Charles Martin had a 45 minute Zoom call, starting at 10:14 am., to resolve any issues. At the end of the meeting, Ms. Wolfe promised to provide revisions.

4. Mr. Currin's deposition had been set for May 3, 2024, and in emails to defense counsel on April 8 and 10, 2024, Plaintiff's counsel had stated and reiterated that it was crucial Mr. Currin have an opportunity to view all the video prior to his deposition.

5. By May 2, 2024 FDOC had still not provided its revised version of the protective order, and it was clear Mr. Currin would be unable to view the video prior to his deposition, at which point Mr. Currin's attorneys notified defense counsel that his deposition needed to be canceled and that they had no objection to the deposition occurring after the discovery period.

6. Defense counsel was equally concerned that her clients, whose depositions were scheduled for May 7, 2024, would also lack an

opportunity to review the video prior to their depositions. The Parties discussed the matter by phone, and stipulated by email that they would have no objection to taking each others' depositions after the discovery deadline.

7. Plaintiff's counsel suggested waiting to May 6, before canceling the Defendants' May 7 depositions, in case the video might arrive in time for the Defendants' review.

8. However, on May 2, FDOC emailed the Parties its proposed revisions to the protective order. Plaintiff's counsel however, upon reviewing the proposed edits, had serious, reasonable objections to the revisions.

9. On or before May 6, the Parties are required to file a status report identifying the issues they agree and disagree on, regarding the proposed protective order. (Doc. 118). Consequently, given the ongoing disagreement, a protective order will almost certainly not be forthcoming before the Defendants' May 7 depositions, and the Defendants will not be able to review any video in time, which means the depositions would need to be rescheduled.

10. The Parties agreed that the depositions of witnesses Connie Pybus and Irvin Ramos, scheduled for May 6, 2024, will proceed as scheduled.

11. The Parties also agree that the Defendants will need additional time to take the depositions of the five Florida State Prison inmates that Plaintiff has listed as witnesses, as described below.

12. On April 16, 2024 Plaintiff served supplemental interrogatory responses to the Defendants listing two state prisoners as witnesses.

13. On April 17, the Defendants moved, unopposed, to take those depositions (Docs. 111, 112), and on April 18, the Court granted the motions (Doc. 114).

14. On April 29, 2024 Plaintiff served supplemental interrogatory responses to the Defendants listing three more state prisoners as witnesses, and on May 3, 2024 defense counsel emailed Plaintiff's counsel proposed motions to take those depositions, to which Plaintiff had no objection.

15. The Parties have been diligently conducting written discovery, setting depositions, and exchanging information. The Parties will work harmoniously and expediently to calendar the Parties' depositions upon receipt of the video, and to take any additional non-party depositions.

16. Granting this motion will further the interest of justice and fulfill the purpose of discovery, narrowing the issues for trial, and ensuring that the Parties appear at trial with a full understanding of the facts and anticipated testimony.

17. Neither a trial term nor any future pretrial meetings or conferences have been set.

WHEREFORE, the Parties respectfully request that the Court grant this motion and extend the discovery deadline by 30 days, to June 6, 2024.

RULE 7.1(B) CERTIFICATE

Counsel for the Parties have conferred and file this motion jointly.

Dated: May 5, 2024.

Respectfully submitted,

| | |
|---|---|
| WALTON LANTAFF SCHROEDER & CARSON LLP<br>Attorneys for Defendants<br><br>551 NW 77th Street<br>Suite 204<br>Boca Raton, FL 33487<br>Phone: (561) 689-6700<br>mbachoon@waltonlantaff.com<br><br>By:  /s/ Michele Bachoon  <br>     Michele T. Bachoon<br>     Florida Bar No.: 74129 | /s/ James Cook  <br> JAMES V. COOK (FBN 0966843)<br>Law Office of James Cook<br>314 West Jefferson Street<br>Tallahassee, FL 32301<br>(850) 222-8080; 561-0836 fax<br>cookjv@gmail.com<br><br>    -and-<br><br>/s/ Joshua Tarjan  <br>JOSHUA TARJAN (FBN 107092)<br>The Tarjan Law Firm P.A.<br>12372 SW 82 Avenue |

>Pinecrest, FL 33156
>josh@tarjanlawfirm.com
>Tel. (305) 423-8747
>
>*Attorneys for Plaintiff*

## Certificate of Compliance with Local Rule 7.1(F)

Pursuant to Local Rule 7.1(F), I hereby certify that the foregoing document contains 771 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

>By: */s/ Joshua Tarjan*
>Joshua Tarjan