UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

vs.                                    Case No.: 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, et al.,
    Defendants.
_____/

## **ORDER**

The Court previously ordered counsel for the parties and the Florida Department of Corrections (FDC) to confer telephonically or in person regarding the terms of a proposed discovery order. (Doc. 118). The Court directed that if counsel were unable to resolve the terms of a proposed discovery order, then Plaintiff's counsel must file a status report "identifying each issue that they agree on and each issue that they disagree on." (*Id.*).

Plaintiff's counsel has now filed the status report. (Doc. 125). The report states that "some issues have resolved," but does not identify each of those issues. (*Id.* at 1). The report then "encapsulates" the remaining

1

issues in two paragraphs. (*Id.* at 1-2). The first paragraph states that the parties disagree about how much information the FDC may redact in records produced to Plaintiff's counsel. (*Id.* at 1). The second paragraph states that the parties disagree about whether Plaintiff (meaning Plaintiff personally, not counsel) may review certain records produced by the FDC, including, photos that show prison security infrastructure, prison staff photos for identification purposes, control room logs, dormitory logs, daily records of special housing, post orders, and policy records designated as "restricted" by the FDC. (*Id.* at 2).

Because the parties are not able to resolve their disputes without the Court's involvement, the Court will schedule an in-person hearing by separate notice. In preparation for that hearing, counsel for Plaintiff and counsel for the FDC will be required to file the following materials. First, counsel must file a draft stipulated confidentiality and protective order that includes all of the terms on which they agree. Second, counsel must

file a joint statement identifying each term on which they disagree and their respective positions on each term.[1]

This is not the first prisoner § 1983 case that Plaintiff's counsel and FDC's counsel have handled. Their respective positions on discovery matters should be informed by the Courts' decisions on those issues in other cases and the typical manner in which these issues have been handled in prior cases.[2] The Court encourages counsel to reconsider their positions on disputed terms and to continue their efforts to reach an agreement on all terms of a confidentiality and protective order. If they

---

[1] With respect to redaction, counsel should identify the categories of information that they disagree on and explain why each category should/should not be redacted.

[2] For example, counsel for the FDC should consider why they do not want Plaintiff to personally see certain materials (i.e., the "confidential discovery materials" listed in paragraph 6 of the proposed protective order); yet those same materials may be seen by deponents in this case, six of whom are FDC inmates, pursuant to paragraphs 11 and 13 of the FDC's proposed order. (Doc. 115 at 3-4). Additionally, the Court is aware that the FDC has submitted some of the "confidential" materials (housing unit logs and daily records of special housing units) in support of motions for summary judgment in other cases where the inmate plaintiff proceeded *pro se* and was thus able to personally review them.

3

are able to agree to all terms, then they should immediately notify the Court and submit a proposed stipulated order.

Accordingly, it is **ORDERED** that **on or before Friday, May 17, 2024**, Plaintiff's counsel and counsel for the FDC must file the following materials:

1. A draft stipulated confidentiality and protective order that includes all of the terms on which they agree, and

2. A joint statement identifying each term on which they differ and their respective positions on each term.

**SO ORDERED** this 7th day of May 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge