IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WENDELL CURRIN,
    Plaintiff,

vs.                                    Case No. 3:22cv20350/MCR/ZCB

TIMOTHY BEAVERS, ET AL.
    Defendants.
_____/

## ORDER SETTING SETTLEMENT CONFERENCE

The district court has referred this case to the undersigned for a settlement conference. The conference will be held on **Monday August 26, 2024 at 9:30 a.m. (Central)** at the Winston E. Arnow Federal Building, 100 N. Palafox Street, Pensacola, FL 32502, Courtroom 2. The conference will conclude no later than the close of business on that date.

The settlement conference will take place **in person**. The Court will secure the attendance of the Plaintiff by writ. Counsel for Defendants and the individual having full settlement authority[1] for Defendants shall appear in person. The individual Defendants may, but are not required to, personally attend.

---

[1] "Full authority" means that those participating on behalf of a party should be able to make independent decisions and have a knowledge or an understanding of the dispute in order to generate and consider solutions and/or to be able to address the negotiation dynamics in settlement. It is not just settlement authority to make an offer or to accept an amount. These requirements are intended to increase the efficiency and effectiveness of the settlement conference by

All parties and their lead counsel shall attend the conference. An insured party shall send a representative, in person, with full and complete authority to make settlement decisions. An uninsured corporate party shall send a representative, in person, with full and complete authority to bind the company. A governmental entity shall send a representative, in person, authorized to act on its behalf.[2]

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, before arriving at the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the court. At a minimum, specific proposals and counter proposals shall be exchanged prior to the conference, even if such proposals were previously exchanged. Any settlement shall be immediately communicated to the Court by filing a joint notice of settlement, following which the undersigned will cancel the settlement conference.

---

reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

[2] The attendance requirements are intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement. Failure to comply with the attendance provisions of this order may result in an award of costs and attorney fees incurred by the other parties in connection with the conference or the imposition of other appropriate sanctions.

Page 3 of 6

Additionally, <u>no later than close of business on August 19, 2024</u>, each party shall provide via email to Laura_Ericson@flnd.uscourts.gov, a confidential settlement statement of no more than ten pages.[3] The parties **shall not** file the confidential settlement statement with the Clerk of Court or serve them on opposing counsel, as <u>the statements will not become a part of the record of this case</u>. The statement shall contain:

(1) a brief description of all remaining claims and the applicable law and defenses;

(2) a concise recitation of the facts and evidence the party expects to present at trial, including evidence that supports any claim for damages;

(3) a brief description of the relief that may be afforded to the prevailing party at trial (i.e., the nature and extent of damages, entitlement to attorney fees);

(4) an estimate of attorney fees and costs of litigation to date and through trial;

(5) an outline of settlement negotiations to date, including the most recent proposals and counterproposals (any inconsistencies between the parties' outlines will be settled in open court at the commencement of

---

[3] Absent an email confirming receipt, the parties **should not assume** the Court has received the statement.

the conference; thus, the parties may wish to confer with each other prior to submitting their outlines to ensure that the outlines are the same); and

(6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The statement must contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

Although the purpose of the settlement conference is to facilitate settlement of this case, it will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence prior to or during the conference will be kept confidential and will not be disclosed to any other party (without consent) or to the district judge.

The conference will be conducted in the courtroom in closed session. It will not be recorded, and any discussions, statements, admissions, claims or concessions will be absolutely confidential unless settlement is reached.

At the conference, the undersigned will briefly address the parties jointly in open court. Counsel will be asked to present a full and frank outline of their cases and their expected evidence. The court will not ask for any privileged information, but it will be assumed that after discovery there are no particular secrets about what

the evidence will be expected to show. The court will further ask for input on what the parties truly expect by way of verdict were the case tried, and what they realistically think would be a fair settlement.

Thereafter, separate, confidential caucuses will be held with each party and/or the party's representative(s). The parties should anticipate that the Court may offer its opinion on the respective strengths of the parties' positions and potential outcomes and may even recommend a settlement. None of the Court's opinions or recommendations will be made known to the trial judge or to the finder of fact, and of course a recommendation is intended as only that. Again, the Court expects full and frank discussion directed toward the resolution of the case. Particularly, the Court will not be impressed by legal posturing that is better reserved for clients and juries.

The conference will end when settlement is reached or when the Court concludes that further negotiation would be unlikely to result in settlement.

If settlement is reached, the Court will either activate a recording device so the parties may place the terms of their settlement on the record, or it will ask the parties to memorialize the terms of the agreement in writing. If a written agreement is presented, the undersigned will retain the agreement in his chambers. At the

conclusion of the conference, the undersigned will file a Settlement Conference Report, indicating only the result of the settlement conference.

**SO ORDERED** this 17th day of July 2024.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**